Dorothy M. Weber, Esq. (DW 4734)
Kyle D.N. Fogden, Esq. (KF 3043)
SHUKAT ARROW HAFER WEBER
  & HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, NY  10019
212-245-4580
Attorneys for Castle Rock Entertainment,
Warner Bros. Entertainment Inc., and Warner
Specialty Films Inc. d/b/a Warner Independent Pictures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

STROUD PRODUCTIONS & ENTERPRISES,
INC. and ANDREW B. STROUD

                Plaintiff,

          v.

CASTLE ROCK ENTERTAINMENT, INC.,
WARNER BROS. ENTERTAINMENT INC., and
WARNER INDEPENDENT PICTURES, INC.

                Defendants.
_____

07-CV-8638 (HB)

**ANSWER & AFFIRMATIVE DEFENSES**

       Defendants Castle Rock Entertainment, Warner Bros. Entertainment Inc. and

Warner Specialty Films Inc. d/b/a Warner Independent Pictures (hereinafter,

collectively "Defendants"), by and through their undersigned attorneys, hereby

answer the Amended Complaint of Stroud Productions & Enterprises, Inc. and

Andrew B. Stroud (hereinafter, collectively "Plaintiffs") dated October 29, 2007, as

follows:

## JURISDICTION AND VENUE

1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.    The averments contained in paragraph 2 of the Amended Complaint constitute conclusions of law to which no response is required.

3.    The averments contained in paragraph 3 of the Amended Complaint constitute conclusions of law to which no response is required.

4.    The averments contained in paragraph 4 of the Amended Complaint constitute conclusions of law to which no response is required.

5.    The averments contained in paragraph 5 of the Amended Complaint constitute conclusions of law to which no response is required.

## PARTIES

6.    Defendants deny the allegation to the extent there is no New York corporate entity known as Stroud Productions & Enterprises, Inc. as alleged in paragraph 6 of the Amended Complaint.

7.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint.  Defendant also states that Plaintiff has not pled with sufficient particularity which "other

copyrights are owned in many performances they produced" to sufficiently answer the allegations.

9.    Defendants deny the allegations in paragraph 9 of the Amended Complaint. Castle Rock Entertainment (erroneously sued herein as "Castle Rock Entertainment, Inc.") maintains its principal place of business at 4000 Warner Blvd., Burbank, California 91522, and is not a subsidiary of Warner Bros. Entertainment Inc.

10.    Defendants admit the allegations in paragraph 10 of the Amended Complaint.

11.    Defendants deny the allegations in paragraph 11 of the Amended Complaint. Warner Specialty Films Inc. d/b/a Warner Independent Pictures (erroneously sued herein as "Warner Independent Pictures Co.") is in the filmed theatrical development and production business, and is an indirect, wholly owned subsidiary of Warner Bros. Entertainment Inc.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint, except states that on information and belief the copyright claimant is not a New York corporation.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint, except

states that on information and belief the copyright claimant is not a New York corporate entity.

14.    The averments contained in paragraph 14 of the Amended Complaint constitute conclusions of law to which no response is required.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, except to state that Plaintiffs have not pled with particularity their chain of title or "how said recording was maintained by Stroud" to sufficiently answer the allegation.

## FIRST CLAIM FOR RELIEF – VIOLATION OF COPYRIGHT LAW

17.    Defendants incorporate by reference the responses to paragraphs 1 through 16 inclusive, of this Answer, as if the same were set forth herein.

18.    The averments contained in paragraph 18 of the Amended Complaint constitute conclusions of law to which no response is required.

19.    The averments contained in paragraph 19 of the Amended Complaint constitute conclusions of law to which no response is required.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint, except states that Plaintiffs have not pled with particularity which "licenses have expired and all rights are held by Plaintiffs" sufficient to answer the allegation.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint.

23.     Defendants admit that they have not entered into any license agreement with the Plaintiff in connection with the sound recording described in paragraph 12 of the Amended Complaint (hereinafter, the "Recording"), but deny that such license was required.

24.     Defendants admit the allegations set forth in paragraph 24 of the Amended Complaint to the extent that it states that Defendants used the Recording in the motion picture entitled "Before Sunset" (the "Motion Picture") and continue to exploit the Motion Picture through DVD sales, but Defendants deny that the soundtrack which accompanied the Motion Picture contained the Recording and deny that the Recording is a "copyrighted production."

25.     Defendants deny the allegations in paragraph 25 of the Amended Complaint.

26.     Defendants admit that Defendants received one or more of the letters referred to in paragraph 26 of the Amended Complaint, but deny that their uses of the Recording constitute "illegal actions".

27.     Defendants deny the allegations in paragraph 27 of the Amended Complaint.

28.    Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29.    Defendants deny the allegations in paragraph 29 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF – UNFAIR COMPETITION

30.    Defendants incorporate by reference the responses to paragraphs 1 through 29 inclusive, of this Answer, as if the same were set forth herein.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint.

33.    Defendants deny the allegations in paragraph 33 of the Amended Complaint.

34.    Defendants deny the allegations in paragraph 34 of the Amended Complaint.

35.    Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Amended Complaint.

37.    Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs claims for relief are barred in whole or in part for failure to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs claims for relief are barred in whole or in part by statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims for relief are barred in whole or in part by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs claims for relief are barred in whole or in part by Plaintiff's culpable conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

The Defendants relied on a license agreement by a third party who warranted the rights to Nina Simone's "Just in Time."

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs second claim for relief is preempted by the Copyright Act.

WHEREFORE, Defendants Castle Rock Entertainment, Warner Bros.

Entertainment Inc. and Warner Specialty Films Inc. d/b/a Warner Independent

Pictures pray for relief as follows:

    a.    Dismissing the Amended Complaint with costs and attorneys' fees; and

    b.    For such other and further relief as the Court deems just and proper.

Dated:    New York, New York
    December 21, 2007

SHUKAT ARROW HAFER WEBER
& HERBSMAN, LLP

By: _____
Dorothy M. Weber, Esq. (DW4734)
Kyle D.N. Fogden, Esq. (KF 3043)
111 West 57th St, Suite 1120
New York, New York 10019
Telephone: (212) 245-4580
Attorneys for Defendants
Castle Rock Entertainment, Warner
Bros. Entertainment Inc., and Warner
Independent Pictures, Inc.

To:    Adam R. Bialek
    Thomas A. Leghorn
    WILSON, ELSER, MOSKOWITZ
    EDELMAN & DICKER, LLP
    3 Gannett Drive
    White Plains, NY 10604
    Telephone: (914) 323-7000
    Attorneys for Plaintiffs Stroud Productions
    & Enterprises, Inc. and Andrew B. Stroud