USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/08

RECEIVED
JAN 22 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

Dorothy M. Weber, Esq. (DW 4734)
SHUKAT ARROW HAFER WEBER
& HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, NY 10019
212-245-4580
Attorneys for Castle Rock Entertainment, Inc.,
Warner Bros. Entertainment Inc., and Warner
Independent Pictures, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STROUD PRODUCTIONS & ENTERPRISES, INC. and ANDREW B. STROUD<br><br>Plaintiff,<br><br>v.<br><br>CASTLE ROCK ENTERTAINMENT, INC., WARNER BROS. ENTERTAINMENT INC., and WARNER INDEPENDENT PICTURES, INC.<br><br>Defendants. | 07-CV-8638 (HB)<br><br>**CONSENT STIPULATION AND PROTECTIVE ORDER - DISCOVERY** |

The parties by consent and pursuant to Rule 26(c)(7), F.R.C.P., stipulate that

the following Protective Order concerning Discovery should be entered in this case, and

respectfully request that the Court approve the Order as follows:

WHEREAS, the parties to this action believe that certain information which is

or will be encompassed by the discovery in this case constitutes proprietary, trade

secret, or other confidential research, development, or commercial information within

the meaning of Rule 26(c)(7), F.R.C.P.; and  (2) perhaps 26(c)(1)(G)

WHEREAS, each of the parties hereto believes, so as to avoid protracted

discovery disputes including the expense therefore in the form of attorneys fees and

other litigation expenses, that it would serve its respective interests to conduct

discovery in accordance with the terms of a general Consent Stipulation and Protective Order as permitted by Rule 26(c)(7) and Rule 29, F.R.C.P.; and

WHEREAS, the Court finds that the parties have, after good faith negotiation, agreed to the provisions hereof; and have consented to the entry of the same as a Consent Stipulation and Protective Order;

THE PARTIES HEREBY AGREE AS FOLLOWS:

1.    Any and all discovery conducted in this action shall be had in accordance with the provisions hereof, unless the Court should otherwise Order.

2.    The term "Confidential Information" means any information, document or thing so designated by any party to this litigation or any third party producing information, documents or things in this litigation, including (without limitation) documents, information contained in or derived from documents or other media (including any form of magnetic storage media), information revealed during a deposition, in an interrogatory answer, in an admission, or as part of documents produced, and any copies, summaries, extracts, analysis, paraphrases or notes of the foregoing.

3.    The parties shall designate as Confidential Information only that information which such party claims is or constitutes trade secret, proprietary, or confidential business or personal information.

4.    a.    Written information or documents, or any portion thereof, shall be designated as Confidential Information by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner which will not interfere with the legibility of tho written information.

2

b.     Written information, documents, or things produced, filed or served by a party and designated as Confidential Information shall be so marked by such party prior to or at the time they are produced, filed, or served.

c.     Written information, documents or things produced by an opposing party or by a third party which are claimed by a receiving party to constitute Confidential Information shall be so designated within ten days after copies of the written information, documents or things are received, and shall be treated as Confidential Information by all parties during the intervening time. The parties, however, shall have fifteen (15) days from the execution hereof to make such designation with respect to any documents or information produced prior to the execution hereof.

d.     Information disclosed at a deposition may be designated as Confidential Information by a statement on the record that the testimony, or part of the testimony, is Confidential Information and subject to the provisions of this Order. In addition, every deposition transcript and all information exchanged in a deposition shall be considered Confidential Information for a period of fourteen days after receipt of the deposition transcript. During that fourteen days, any party may designate any portion or all of the transcript as Confidential Information, and all other persons having notice of the designation shall treat the information accordingly.

5.     Confidential Information shall be used only for purposes of this litigation and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

a.     legal counsel for any party hereto and their respective employees,

3

paralegals and staff;

     b.    the parties and such officers, directors, employees, independent expert witnesses or independent expert consultants of the parties, including their respective staff, as may be necessary to provide assistance in this action;

     c.    an author, addressee or copy recipient of a letter, memorandum or other document designated as Confidential Information;

     d.    the Court and court personnel in the manner provided in paragraphs 7 and 8 below;

     e.    court reporters employed in connection with this action; and

     f.    employees of third-party contractors engaged by legal counsel and involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this litigation, including providing computerized litigation support.

     g.    The parties reserve the right to request that certain information be designated "Highly Confidential" and that access be restricted only to categories (a), (c) and (d), above, and any expert witness bound by this agreement; the parties taking up with the Court matters pertaining to such designations if they cannot agree after a reasonable effort to do so.

     6.    Except as set forth in paragraph 23 below, only counsel of record in this action may authorize the disclosure of or access to any Confidential Information to any other person authorized to have access to such information pursuant to paragraph 5 above; and each person (other than, where permissible above, legal counsel and their staff, and the Court and court personnel) to whom *any* such information is disclosed or

4

made available shall first agree in writing to be bound by the terms of this Order, and shall execute a confidentiality agreement in the form attached hereto as Exhibit A.

7.    Counsel of record for the parties shall maintain a file of such written agreements for a period of two years after the conclusion of this litigation.

8.    To the extent that any document protected by any privilege or the work product doctrine is accidentally disclosed to an adverse party, or any Confidential Information is produced without being designated as such, such disclosure shall be considered inadvertent. Upon the request of any party for the return of a privileged or work product document, it and all copies of it shall be returned to the producing party, and no waiver of any privilege or immunity from disclosure shall have occurred. Upon the request of any party for proper designation of an improperly designated or un-designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by counsel from any person who would not have been allowed access to the document if it had been properly designated. It shall not be a violation of this Order to have disclosed or treated information as it was originally designated prior to any later request for proper designation.

9.    If a party wishes to file Confidential Information with the Court, such party shall take all appropriate and necessary steps so as to ensure that such information is impounded, kept under seal, and unavailable to the public.

10.    Any document filed under seal shall state: (a) that the information contained therein has been deemed by a party to this action to be a trade secret, proprietary, or confidential business information; (b) that the material is sealed until further order of the Court; and (c) that the material should be returned to counsel for the filing party upon the conclusion of this matter without further order of the Court.

5

11.    All Confidential Information filed with the Court shall be filed in sealed envelopes or containers affixed to which is a copy of this Order and the statement:

### CONFIDENTIAL

This envelope (or container) contains documents, materials, or other things which are impounded until further order of the Court. The contents of this envelope (or container) shall not be displayed or revealed except by Order of the Court.

If a document or thing produced cannot conveniently be marked as required by this Order, the parties shall confer and agree in writing on an appropriate way of marking or otherwise identifying as Confidential Information such document or thing. The party filing the Confidential Information shall notify the Clerk that what has been filed should be accorded the treatment required by this Order.

12.    This Order applies only to the pre-trial phase of this action. Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Confidential Information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

13.    Within sixty days after the conclusion of this litigation, including all appeals, any Confidential Information, including copies and originals (except: (i) documents in the files of the Court; and (ii) documents retained in counsel's files, which will continue to be subject to the provisions of this Order, provided that any documents retained in counsel's files shall consist only of documents filed in Court, or used as exhibits at depositions or court hearings, or which contain work product), shall, at the election of the party who designated the information Confidential Information, be

certified destroyed, or returned to the designating party at the designating party's expense.

14.     To the extent that any documents have been filed under seal with the Court pursuant to this Order, such documents shall be retrieved from the clerk's office by counsel for the filing party within sixty days of the conclusion of this litigation, including any appeals.

15.     Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any Confidential Information shall relieve any person from the obligation of maintaining the confidentiality of such information.

16.     Nothing in this Order shall prohibit the use of, or reference to, any Confidential Information in Court conferences or hearings; provided, however, that the party using or planning to use such information shall take whatever steps are necessary to eliminate or minimize the risk of public disclosure. Such steps shall include bringing to the Court's attention the intention to disclose Confidential Information in open court and requesting the assistance of the Court in limiting public disclosure.

17.     No party by the entry of this Stipulation or Consent Order concedes that any document or information designated Confidential Information by any other person does in fact contain or reflect proprietary, trade secret, or other confidential business or personal information, or has been properly designated as Confidential Information.

18.     A party shall not be obligated to challenge the propriety of the designation of documents or information as Confidential Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge during the

7

pendency of this litigation, provided that any such challenge may only be made by motion subject to the provisions of paragraphs 9, 10, 11 and 20 of this Order, the Federal Rules of Civil Procedure and the rules of this Court, including the obligation pursuant to F.R.C.P. 26(c) to confer in good faith prior to the filing of any such motion.

19.    Any party may agree that any information it designated should be treated in a way different from that described in this Order.

20.    Any information, document or thing designated as Confidential Information shall be treated as so designated until such time as the designating party may agree otherwise, or as the Court may otherwise order.

21.    Nothing in this Stipulation shall affect any orders previously entered in this action; and nothing in this Stipulation shall be deemed to modify, abridge or otherwise affect any confidential agreements or obligations between the parties, or between any party and any third party.

22.    Nothing in this Stipulation shall prevent any party from applying to the Court for relief from this Stipulation, or from applying to the Court for further or additional protective orders, or from reaching agreement with the other party to amend this Order in writing, subject to the approval of the Court.

23.    This Stipulation has no effect upon, and its scope does not extend to:

a.    a producing person's use of its own Confidential Information unless otherwise required by agreement, by court order, or by law to be held confidential; or

b.    any document, information or thing which is, was, or becomes public not in violation of this Order; provided, however, that during any dispute about the public status of any document, information or thing, such

8

document, information or thing shall be treated as designated by the designating

party until the parties otherwise agree or the Court otherwise orders.

Stipulated and Approved for entry by consent:

By:

Adam R. Bialek
Thomas A. Leghorn
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Telephone: (914) 323-7000
Facsimile: (914) 323-7001


Attorneys for Plaintiffs:
Stroud Productions and Enterprises,
Inc. and Andrew B. Stroud

By:

Dorothy M. Weber, Esq. (DW4734)
SHUKAT ARROW HAFER WEBER
& HERBSMAN, LLP
111 West 57th St, Suite 1120
New York, New York 10019
Telephone: (212) 245-4580
Facsimile: (212) 956-6471


Attorneys for Defendants:
Castle Rock Entertainment, Inc.,
Warner Bros. Entertainment Inc., and
Warner Independent Pictures, Inc.


APPROVED AND ENTERED THIS _____ DAY OF JANUARY, 2008:


Honorable Harold Baer
U.S. District Judge for
the Southern District of New York

Sealed documents may be unsealed, upon notice to
the parties, pursuant to further order of the Court.

SO ORDERED:

_____     9
Hon. Harold Baer, Jr., U.S.D.J.

Date: _____

**EXHIBIT A**

Dorothy M. Weber, Esq. (DW 4734)
SHUKAT ARROW HAFER WEBER
  & HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, NY 10019
(212) 245-4580
Attorneys for Castle Rock Entertainment, Inc.,
Warner Bros. Entertainment Inc., and Warner
Independent Pictures, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STROUD PRODUCTIONS & ENTERPRISES, INC. and ANDREW B. STROUD<br><br>                 Plaintiff,<br><br>          v.<br><br>CASTLE ROCK ENTERTAINMENT, INC., WARNER BROS. ENTERTAINMENT INC., and WARNER INDEPENDENT PICTURES, INC.<br>                 Defendants. | 07-CV-8638 (HB)<br><br>**ACKNOWLEDGMENT PURSUANT TO STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL** |

     I, _____, hereby acknowledge that I have received

and read a copy of the [Stipulation and Order Governing the Production and Use of

Confidential Material], dated January 11, 2008, in this matter (the "Order"), and am

familiar with its provisions and agree as follows:

     1.    to be bound and abide by the terms of the Order;

2.    not to use CONFIDENTIAL INFORMATION, as that term, defined in the order, for any purpose other than in connection with the prosecution or defense of this Action;

3.    not to reveal CONFIDENTIAL INFORMATION to any person other than a person authorized to receive such materials under this Order;

4.    that, upon termination of my connection with this Action, I will return all CONFIDENTIAL INFORMATION to the counsel or the person who provided them in the first instance; and

5.    to submit to the personal jurisdiction of the United States District Court for the Southern District of New York for purposes related to the Order.

Dated: _____

_____
[Signature]

11